UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY GRANITE AND CABINETRY, LLC, and CHRISTOPHER BOUCHARD,<br><br>Defendants. | CIVIL ACTION<br><br>FILE NO. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

COMPLAINT

Plaintiff Alexander Acosta, Secretary of Labor, U.S. Department of Labor, brings this action to enjoin Defendants from violating the provisions of Sections 6, 7, 11, and 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, 29 U.S.C. Section 201), hereinafter called "the Act," and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the Act.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act and by 28 U.S.C. Sections 1331 and 1345.

II.

Defendant Quality Granite and Cabinetry, LLC ("Quality Granite") is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 78 Regional Drive, Concord, NH 03301, within the jurisdiction of this Court, and is now, and at all times

1

hereinafter mentioned was, engaged at that place of business in the operation of a granite fabrication and installation contracting business. Quality Granite employs, and has employed during the period set forth below, employees who work in business as fabricators, polishers, installers and office staff. Quality Granite has at all times hereinafter set their employees' method of compensation and policies regarding compensation. It has set their employees' terms and conditions of employment, including hours worked, and has supervised their work, and has hired and fired them.

III.

Defendant Christopher Bouchard ("Bouchard") resides at 75 S. Main Street, #7, Concord, New Hampshire, 03301, within the jurisdiction of this court, and is now, and at all times hereinafter mentioned was, a Member and owner of Quality Granite. Bouchard has at all times hereinafter mentioned, owned and operated the business, been in charge of payroll, hired, fired and supervised employees, and has engaged in setting the particular hours of work, the rates and method of compensation, and the policies regarding pay, and his actions concerning pay policies affect the amounts of compensation received by employees. As such, he has actively managed, supervised and directed the day to day business affairs and operations of Quality Granite. He has acted at all times material herein directly and indirectly in the interest of Quality Granite in relation to its employees, and therefore is and has been an employer of said employees within the meaning of the Act.

IV.

Quality Granite and Bouchard are, and at all times since February 1, 2016 were, engaged in related activities performed through unified operation or common control for a common business purpose, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of Section 3(r) of the Act.

V.

At all times since February 1, 2016, Quality Granite and Bouchard employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.  Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). Accordingly, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act.

VI.

Beginning no later than February 1, 2016, Defendants have repeatedly violated and are violating the provisions of Sections 6 and 15(a)(2) of the Act by paying two of the affected employees employed by defendants and listed in the attached Exhibit A wages at rates less than the applicable minimum wage.  One of these employees was employed as a fabricator, and the other was employed as an installer.  Defendants paid employees employed as installers, polishers and fabricators, and an office staff employee set amounts per week for all hours worked, which amounts did not cover the minimum wage for the hours worked.  As a result, the two employees' effective hourly rate pay fell below the applicable minimum wage in certain workweeks when dividing total pay by hours worked. In addition, one employee was not paid at all for his last two weeks of work.  Consequently, at times during the period on which the investigation focused, February 1, 2016 through August 4, 2017, including but not limited to the week ending February 3, 2017, and thereafter until Defendants came into compliance with the minimum wage requirements of the Act, the two employees were not paid the minimum wage and are owed back wages and an equal amount of liquidated damages on account of the violations of the minimum wage provisions of the Act.

VII.

3

Beginning no later than February 1, 2016, Defendants have repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act by employing employees for workweeks longer than forty (40) hours without compensating them at rates not less than one and one-half times the regular rate at which they were employed, for employment in excess of forty (40) hours in said workweeks, and therefore these Defendants are liable for overtime compensation owed to these employees and an equal amount of liquidated damages under Section 16(c) of the Act as set forth below.

In particular, during the pertinent period twenty-three (23) of the affected employees of Defendants' listed in the attached Exhibit A did not receive proper overtime compensation. These employees worked as fabricators, polishers and installers, and an office worker, and they were paid set amounts per week for all hours worked in the workweek without receiving any additional overtime premium for hours worked over forty (40) per week. These employees regularly worked more than forty (40) hours per workweek, with employees employed as installers worked on average 51.25 hours per week, employees employed as polishers worked on average 42.5 hours per week, employees employed as office workers worked on average 45 hours per week, and employees employed as fabricators worked on average between 46.5 and over 47 hours per week, depending on the season.

Consequently, in several workweeks throughout the period on which the investigation focused, February 1, 2016 through August 4, 2017, such as the weeks ending _____,and thereafter until Defendants came into compliance with the overtime requirements of the Act, these employees were not paid proper overtime and are owed back wages and an equal amount of liquidated damages on account of the violations of the overtime provisions of the Act.

VIII.

Beginning no later than February 1, 2016, Defendants have repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted in

4

the Act and found in 29 CFR 516. Defendants' records failed throughout the period of the investigation to show adequately and accurately all employees' hours worked each workday and their total hours worked each workweek, including the failure to record employees' hours over 40 per workweek.

IX.

During the relevant period beginning no later than February 1, 2016, Defendants repeatedly violated the aforesaid provisions of the Act, as alleged.

WHEREFORE, cause having been shown, Plaintiff prays for Judgment against Defendants as follows:

(1) For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them, from prospectively violating the Act; and

(2) For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid back wages found due to Defendants' employees listed in the attached Exhibit A, plus liquidated damages equal in amount to the unpaid compensation found due;

Alternatively, in the event liquidated damages are not awarded, Plaintiff prays for an Order pursuant to Section 17 of the Act enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid back wages found due to Defendants' employees, and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621; and

(3) For an Order awarding Plaintiff the costs of this action; and

(4) For an Order granting such other and further relief as may be necessary and

appropriate.

|  |  |
|---|---|
| Post Office Address:<br>U.S. Department of Labor<br>Office of the Solicitor<br>JFK Federal Bldg., Room E-375<br>Boston, MA  02203<br>glickman.james@dol.gov<br>TEL: 617-565-2500<br>FAX: 617-565-2142 | Kate S. O'Scannlain<br>Solicitor of Labor<br><br>Michael D. Felsen<br>Regional Solicitor<br><br>/s/ James Glickman<br>James Glickman  BBO#550777<br>Senior Trial Attorney |