UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

R. Alexander Acosta, Secretary of
Labor, United States Department of Labor

   v.

Quality Granite and Cabinetry,
LLC and Christopher Bouchard

Civil No. 18-cv-274-JD
Opinion No. 2018 DNH 196

O R D E R

The Secretary of Labor filed this Fair Labor Standards Act ("FLSA") lawsuit against Quality Granite and Cabinetry, LLC, and its owner, Christopher Bouchard, alleging violations of the FLSA's minimum wage, overtime, and record keeping provisions. Quality Granite and Bouchard now move to dismiss the Secretary's allegations of minimum wage and overtime violations because they lack sufficient specificity to state a plausible claim for relief. The Secretary opposes dismissal.

Standard of Review

In considering a motion to dismiss, the court accepts all well-pleaded facts as true and resolves all reasonable inferences in the plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The court disregards conclusory allegations that simply parrot the applicable legal standard. Manning v. Boston Med. Ctr. Corp.,

725 F.3d 34, 43 (1st Cir. 2013). To determine whether a complaint survives a motion to dismiss, the court should use its "judicial experience and common sense," but should also avoid disregarding a factual allegation merely because actual proof of the alleged facts is improbable. Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

The ultimate question before the court is whether the facts alleged in the complaint render the plaintiff's entitlement to relief plausible. Id. Rule 8 does not require a plaintiff to plead specific or detailed allegations beyond what is required to state a plausible claim. Twombly, 550 U.S. at 570.

## Background

Quality Granite is a granite fabricator and installation contractor located in Concord, New Hampshire. The Secretary asserts that Quality Granite and Bouchard, Quality Granite's owner, violated the FLSA's minimum wage and overtime provisions, 29 U.S.C. §§ 206 (minimum wage), and 207 (overtime compensation). In addition, the Secretary brings a claim for failure to make and keep records adequately showing Quality Granite's employees' wages and hours, in violation of 29 U.S.C. § 211(c).[1]

---

[1] Quality Granite and Bouchard do not seek dismissal of this claim.

2

According to the Secretary, Quality Granite and Bouchard failed to pay two unnamed employees the minimum wage "[d]uring two specific workweeks after February 1, 2016 . . . ." (Doc. 12 at 3). Without adequate records from Quality Granite showing the employees' hours for those specific weeks, the Secretary calculated the average number of hours worked by the two employees during the workweeks from February 1, 2016, to August 4, 2017.

One employee, an "installer," "worked an average of 51.25 hours during the workweek ending February 3, 2017, and several other weeks." (Doc. 12 at 3). Quality Granite paid the installer $350.00 for his work during the workweek ending February 3, 2017. The installer's rate of pay for that workweek when measured against the average number of hours he worked per week between February 1, 2016, and August 4, 2017, was $6.83 per hour, which is below the applicable minimum wage set by 29 U.S.C. § 206(a)(1)(C).

Similarly, the Secretary found that another employee, a "fabricator," "worked an average of 46.5 hours" per week, but during the week ending March 25, 2016, had not been paid at all.

The Secretary further alleges that Quality Granite and Bouchard violated the FLSA by failing to pay twenty-three employees premium pay for overtime work between February 1,

3

2016, and August 4, 2017.  For his overtime violation claim, the Secretary calculated the average hours worked by employees in certain job categories (e.g., installer, fabricator, polisher, and office worker) and measured those weekly averages against the actual amount paid to each identified employee per week.  In his complaint, the Secretary asserts that "in many weeks" Quality Granite failed to compensate its employees for overtime, but also identifies two workweeks—the week ending on November 18, 2016, and the week ending on February 17, 2017—as specific weeks in which Quality Granite failed to provide overtime compensation.

## Discussion

Generally, Quality Granite and Bouchard argue that the Secretary's FLSA minimum wage and overtime violation claims fail because the factual allegations lack adequate specificity.  The Secretary responds that Quality Granite and Bouchard overstate his pleading obligations.

### A. Minimum Wage Violations

Quality Granite and Bouchard argue the Secretary cannot support his claim that they violated the FLSA's minimum wage provision by measuring the amount they paid to an employee in a specific week against the average hours generally worked by that

employee.  Instead, Quality Granite and Bouchard assert that the Secretary must allege the actual number of hours an employee worked during the specific workweek and measure those hours against the amount paid that week.  The Secretary argues that the pleading standards in FLSA cases do not mandate that precision.

To show that a defendant violated the FLSA's minimum wage provisions, a plaintiff must establish that, during a given workweek, an employee was paid at a rate below the set minimum.  29 U.S.C. § 206.  A minimum wage violation occurs if the weekly wage paid to an employee divided by the total time he worked in that week is less than the applicable minimum wage.  United States v. Klinghoffer Bros. Realty Corp., 285 F.2d 487, 490 (2d Cir. 1960); accord Hamilton Partners Healthcare Sys., Inc., 209 F. Supp. 3d 379, 394 (D. Mass. 2016).

The Secretary's use of the employees' average worked hours alongside actual payment amounts for certain weeks does not render its arithmetic too speculative to state a plausible claim.  The average number of hours each employee worked is a fact that allows a reasonable inference that the employee worked approximately that number of hours during any typical workweek in the relevant period.

Neither Gould v. First Student Management, LLC, 2017 WL 3731025 (D.N.H. Aug. 29, 2017), nor Chesley v. DIRECTV, Inc., 2015 WL 3549129 (D.N.H. June 8, 2015), support defendants' argument that the FLSA prohibits pleading based on average hours.  In those cases, the plaintiffs alleged only that they had worked an indefinite number of uncompensated or undercompensated hours because they regularly performed various uncompensated activities.  Gould, 2017 WL 3731025 (overtime violation), at *6; Chesley, 2015 WL 3549129, at *5 (minimum wage violation).  With only those facts, neither court could determine without speculation the total number of hours the employees worked in a given week, approximate or otherwise.  See Gould, 2017 WL 3731025, at *6; Chesley, 2015 WL 3549129, at *5.  Here, the Secretary makes definite, albeit inexact, allegations about the number of uncompensated or undercompensated hours Quality Granite's employees worked.

Of course, the "installer" identified by the Secretary might have worked less than his average weekly hours during the workweek in which Quality Granite paid him $350.00.  The Secretary, however, alleges that Quality Granite and Bouchard failed to maintain adequate employee records.  Quality Granite and Bouchard will likely bear the burden at trial to bring forward evidence to negate the reasonable inferences that can be

6

drawn from the Secretary's approximations. See Sec'y of Labor v. DeSisto, 929 F.2d 789, 792 (1st Cir. 1991) ("Where the employer has failed to keep adequate employment records, it pays for that failure at trial by bearing the lion's share of the burden of proof.") (citing Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946)). Taking the Secretary's allegations as true, however, the Secretary sets out a plausible claim for an FLSA minimum wage violation.

Quality Granite and Bouchard also challenge the proof underpinning the Secretary's allegations and his failure to explain the methodology he used to calculate the average number of hours worked per week. Those are issues that may be tested in a motion for summary judgment or at trial. Further specificity or proof at this stage is not required. See Twombly, 550 U.S. at 570; Manning, 725 F.3d at 49. The lack of supporting evidence or explanation about how the Secretary arrived at the numbers he alleges are not grounds to dismiss the complaint.

### B. Overtime Violations

As with their argument about the Secretary's minimum wage violation allegations, Quality Granite and Bouchard argue that the Secretary's use of averaged hours measured against actual payments cannot support his claim that they violated the FLSA's

overtime pay provision.  The Secretary contends that his use of averaged hours combined with his identification of specific workweeks in which Quality Granite failed to pay overtime wages satisfies the pleading requirements for an FLSA unpaid overtime claim.

To show that a defendant violated the FLSA by failing to pay proper overtime wages, a plaintiff must establish that an employee was employed "for a workweek longer than forty hours" and that hours worked in excess of forty in a week were not compensated "at a rate not less than one and one-half times the regular rate."  29 U.S.C. § 207(a)(1).  A plaintiff need not allege precisely the dates and number of hours worked giving rise to the alleged violation.  See Chesley, 2015 WL 3549129, at *5-*6 ("In the context of a claim for unpaid overtime wages, there is little more for a plaintiff to allege than the number of hours over 40 that he worked for which he was not compensated at one and a half times his regular rate.").  If the complaint sets out facts showing that, for example, "defendants' pay practices continuously required" employees to work overtime without the required premium pay, then the court may be able to make a reasonable inference that the employees performed uncompensated work.  Manning, 725 F.3d at 46-47.

Quality Granite and Bouchard rely on Pruell v. Caritas Christi, in which the First Circuit affirmed the dismissal of an FLSA complaint that stated only that the plaintiff-employees were "not compensated" for their time worked above forty hours a week and failed to identify any facts about how much the employees were paid. 678 F.3d 10, 13 (1st Cir. 2012). Unlike the plaintiff in Pruell, however, the Secretary here offers allegations that Quality Granite compensated the twenty-three identified employees at specific rates that did not include payment for overtime. Those allegations are enough to state a plausible and non-speculative claim for relief. Quality Granite and Bouchard's challenge to the Secretary's FLSA overtime violation claim fails.

## Conclusion

For the foregoing reasons, Quality Granite and Bouchard's motion to dismiss (document no. 16) is denied.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

October 2, 2018

cc: Robert M. Fojo, Esq.
    James Glickman, Esq.